UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WALTER R. REID,

                Petitioner,

     v.

CHANCE ANDES, Warden,

                Respondent.

Case No. 8:25-cv-02886-KK-PD

**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION**

On December 22, 2025, Petitioner Walter R. Reid, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  The Court issues this order to show cause directed to Petitioner because the Petition appears to be unauthorized second or successive petition.

**I.     Procedural History and Petitioner's Contentions**

      **A.     Trial and Direct Appeal**

In December 1999, an Orange County Superior Court jury found Petitioner guilty of two counts of committing a lewd act upon a child and found that he engaged in substantial conduct with a child and committed the

charged crimes against multiple victims.  *See* Dkt. No. 1 at 2; *Reid v. Yates*, No. 8:06-cv-00744-SVW-VBK, Dkt. No. 12 at 3 (C.D. Cal. filed Aug. 11, 2006) ("*Reid I*").[1]  On January 21, 2000, he was sentenced to 15 years to life in state prison.  *Reid I*, Dkt. No. 1 at 3.

Petitioner appealed but later voluntarily abandoned his appeal, and on July 13, 2000, the California Court of Appeal dismissed the appeal.  *See id.* He did not file a petition for review.  *See id.*  Beginning in December 2001, he filed a series of unsuccessful state-court habeas petitions, the last of which was denied on February 29, 2008.  *See id.* at 3-5, 57-58.

Over a decade later, Petitioner initiated another series of unsuccessful state-court habeas petitions, the first of which was filed on September 26, 2022, and the last of which was denied on October 29, 2025.  *See id.* at 57-59; Cal. App. Cts. Case Info., available at http://appellatecases.courtinfo.ca.gov/ (search for "Walter" with "Robert" and "Reid") (last visited Feb. 26, 2026).

### B.    Prior Federal Habeas Petitions

This is not the first federal habeas petition that Petitioner has filed challenging his 1999 state-court convictions.  On August 11, 2006, he filed his first petition, which was denied with prejudice as untimely.  *See Reid I*, Dkt. Nos. 12, 14-15. On December 18, 2006, he filed a second federal habeas petition challenging his 1999 state-court convictions and sentence, and on March 5, 2007, the District Judge dismissed the petition, finding that it was impermissibly successive.  *See Reid v. Yates*, No. 8:06-cv-01225-PSG-VBK, Dkt. Nos. 10-11.  On June 19, 2007, Petitioner filed a notice of appeal in the Ninth Circuit, *see id.*, Dkt. No. 16, and on September 7, the Ninth Circuit

---

[1] As related below, Petitioner has previously filed two federal habeas petitions challenging his 1999 state-court conviction.  The Court takes judicial notice of those petitions as well as the relevant filings and lodgments in connection with those cases.  *See Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012); Fed. R. Evid. 201(b).

denied a certificate of appealability and dismissed the appeal, *see id.*, Dkt. No. 17.

### C.   The Instant Petition

On December 18, 2025, Petitioner constructively filed the instant Petition. Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following five grounds for relief:

(1)   Trial counsel rendered ineffective assistance by failing to argue that Petitioner was statutorily exempt from a life sentence;

(2)   Petitioner's sentencing violates due process because he was statutorily exempt from a life sentence;

(3)   Petitioner's sentence was unauthorized under California law and, thus, violates due process;

(4)   Appellate counsel was ineffective in advising Petitioner to voluntarily dismiss his direct appeal; and

(5)   Petitioner is actually innocent "of the life term" because California law prohibited the trial court from imposing a life term.[2]

Dkt. No. 1 at 16-21.

## II.   Discussion

### A.   Duty to Screen

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see Neiss v. Bludworth*, 114 F.4th 1038, 1041, 1045 (9th Cir. 2024); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir.

---

[2] Petitioner also identifies "equitable tolling based on delayed discovery" as one of his grounds for relief. *See* Dkt. No. 1 at 14. However, any argument concerning equitable tolling would be relevant only to whether the Petition is timely.

1990).

### B.   The Petition Appears to Be an Unauthorized Second or Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." *Martinez-Villareal*, 523 U.S. at 641. Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of" the AEDPA.  *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."); *Morales v. Ornoski*, 439 F.3d 529, 531 (9th Cir. 2006).  If, however, a petitioner files a second petition without obtaining authorization from the appropriate court of appeals to do so, the district court is "without jurisdiction to entertain [the second petition]." *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citations omitted).  A petition is not successive if the "factual predicate" for its claims arose "only after the time of the initial petition." *Id.* (citation omitted).

4

The instant Petition appears to be an unauthorized second or successive petition. It challenges the same state-court judgment that Petitioner challenged in 2006 federal habeas petition, which was denied with prejudice as untimely. *See Reid I*, Dkt. Nos. 12, 14-15. That denial constituted a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (dismissal of habeas petition for untimeliness constitutes merits decision and renders subsequent petitions second or successive (citation omitted)). Petitioner does not allege that he has obtained the requisite authorization from the Ninth Circuit to file a second or successive petition in this Court challenging his 1999 conviction and resulting sentence, and the Ninth Circuit's docket shows that he has not done so.

Moreover, Petitioner could have raised each of the Petition's claims in his 2006 federal habeas petition. Indeed, he does not allege that any of the claims rely on a new rule of constitutional law, let alone one made retroactive by the Supreme Court. The factual predicate for each of the Petition's claims arose before Petitioner's 2006 federal habeas petition was denied with prejudice. Indeed, each of the Petition's claims concerns facts that occurred either at Petitioner's trial or during his direct appeal process. That Petitioner may not have realized the significance of those facts until sometime after his first federal habeas petition was denied is inconsequential as to whether his current claims are impermissibly successive. *See Harris v. Silva*, No. EDCV 24-1306-WDK (JPR), 2025 WL 2201373, at \*4 (C.D. Cal. May 15, 2025) (petitioner's claims were impermissibly successive when they concerned trial errors even though he did not realize significance of facts underlying his claims until fellow inmate advised him that they "were important"), *accepted by* 2025 WL 2200720 (C.D. Cal. July 31, 2025).

Accordingly, the Petition appears to be an unauthorized second and successive petition, and, as such, the Court lacks jurisdiction to consider it.

### III.   Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than March 25, 2026**, as to why the Petition should not be dismissed because it is impermissibly successive.

Petitioner is admonished that the Court will construe his failure to comply with this Order by March 25, 2026, as a concession on his part that the Petition is an unauthorized second or successive petition.  In that event, the Court will recommend that the Petition be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED:  February 26, 2026

_Patricia Donahue_

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

6